F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALEJANDRO VILLEGAS-GUZMAN,

Defendant-Appellant.

No. 96-8099
(D.C. No. 96-CR-71-ALL)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **BALDOCK**, Circuit Judges.

Alejandro Villegas-Guzman contends the district court erred in denying his motion

to suppress evidence obtained from a search of a vehicle in which he was a passenger.

We conclude he is precluded from objecting to the seizure because consent to search was

given by the driver of the car and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Mr. Villegas-Guzman was a passenger in a 1979 Chevy van that passed Wyoming Highway Patrolman David Chatfield on Interstate 80. The van bore Iowa plates and had what appeared to be curtains covering its back windows. Because Officer Chatfield thought he might have stopped the van in the past year or so, he decided to follow it for a few miles. During that time, Officer Chatfield observed the van drift across the center line of the highway for a few seconds and then return to the right-hand lane. He also observed the van follow another car with only two vehicle lengths between them. Believing that both observations constituted violations of Wyoming's traffic code, Officer Chatfield pulled the van over to the side of the road.

Upon approaching the vehicle, Officer Chatfield asked the driver, Salvadore Flores-Perez, for his driver's license and registration. Mr. Flores-Perez provided the documents, explaining that the van belonged to Ramon Trevino, Mr. Villegas-Guzman's brother-in-law. Officer Chatfield then asked for and received Mr. Villegas-Guzman's driver's license as well. Mr. Villegas-Guzman's license was from Iowa, the state in which the vehicle was registered, while Mr. Flores-Perez's license was from California. Mr. Flores-Perez further explained that he and Mr. Villegas-Guzman were on vacation and returning to Des Moines, Iowa, from Los Angeles, California. During this encounter, Mr. Flores-Perez appeared nervous and offered to provide pay stubs from his employment in Iowa, though Officer Chatfield had not asked about his work.

Officer Chatfield returned to his patrol car and contacted the dispatch center to verify the documents he had been given. He then requested a canine officer to meet him at his location with a narcotics detection dog. A few minutes later, the dispatch center confirmed that the licenses were valid and that the van was indeed registered to Mr. Trevino of Des Moines, Iowa. Nevertheless, Officer Chatfield kept the documentation in his car while he waited another five to ten minutes for the canine officer to arrive.

The first canine officer to arrive at the scene told Officer Chatfield that his dog had been in a fight and could not perform the search, although he had already called another canine unit. Officer Chatfield continued to hold the licenses and registration until the second canine officer arrived a few minutes later. He then returned the documents to Mr. Flores-Perez and told him that he was "good to go." Immediately thereafter, Officer Chatfield asked Mr. Flores-Perez if he had any weapons, large sums of money, or illegal drugs in the van. Mr. Flores-Perez answered no. Officer Chatfield then asked Mr. Flores-Perez if he could search the van for those items, receiving an affirmative reply. At this point, the second canine officer walked his dog around the van and the dog alerted to the presence of narcotics. The first canine officer's dog also sniffed the van, alerting to the same area. The police then located packages of marijuana under the van.

Mr. Villegas-Guzman was ultimately charged with possession with intent to distribute marijuana and aiding and abetting. He moved to suppress the marijuana as the

fruit of an illegal search, but the district court denied his motion. Mr. Villegas-Guzman then entered a conditional guilty plea, reserving his right to appeal the suppression issue.

The district court held Officer Chatfield's stop of the van in which Mr. Villegas-Guzman was riding was proper because his observations could have indicated the van's driver was sleepy, inattentive, or impaired. The court also held Officer Chatfield's detention of the van was proper because the passengers' origin and destination were both reputed centers of drug activity, the owner of the van was absent, and the van's curtains were drawn. Finally, the district court held the search of the van was proper because Mr. Flores-Perez consented to it, though the court acknowledged that under the circumstances he might have felt "forced into a search." Having found that Officer Chatfield's stop, detention and search of the van were proper, the court denied Mr. Villegas-Guzman's motion to suppress.

On appeal, Mr. Villegas-Guzman argues the district court erred in holding that the traffic stop of the van was proper because Officer Chatfield lacked reason to believe a violation of Wyoming's traffic code had occurred. He also maintains his detention after Officer Chatfield verified the van's registration and its occupants' drivers' licenses was unreasonable because there was no objective basis for suspecting him of criminal activity. Specifically, Mr. Villegas-Guzman argues that each circumstance relied on by Officer Chatfield to establish reasonable suspicion is perfectly consistent with innocent travel.

When reviewing the denial of a motion to suppress, we accept the factual findings of the district court unless they are clearly erroneous and view the evidence in a light most favorable to the government. *United States v. Carhee*, 27 F.3d 1493, 1496-97 (10th Cir. 1994). However, we review de novo a district court's determination of whether law enforcement officers had reasonable, articulable suspicion of criminal activity at the time of a seizure because the ultimate determination of reasonableness under the Fourth Amendment is a question of law. *Id.* at 1497.

We believe the outcome of this case is driven by *United States v. Eylicio-Montoya*, 70 F.3d 1158 (10th Cir. 1995), in which a passenger moved to suppress the seizure of contraband from a vehicle in which she was riding on the ground it was the fruit of an illegal detention. While concluding "a passenger has standing to challenge a constitutionally improper traffic stop, detention, or arrest on Fourth Amendment grounds even though, when the seizure occurs, she has no possessory or ownership interest in either the vehicle in which she is riding or in its contents," *id.* at 1164, we nonetheless reversed the district court's suppression order because we concluded the contraband would have been discovered anyway and was therefore admissible under the "inevitable discovery rule." *Id.* at 1165-67. We believe a similarly intervening exception is applicable in this case, depriving Mr. Villegas-Guzman of the right to suppression.

Assuming for the sake of argument only that either the stop or the detention in this case was constitutionally wanting, we can see no reason for concluding the seizure of the

marijuana was the product of either Fourth Amendment violation. Breaking the link between the detention and the seizure of contraband was Mr. Flores-Perez's consent to the search. Defendant voiced no objection to that consent at the time it was given; therefore, he is now precluded from arguing the seizure of the contraband violated his constitutional rights. *See United States v. Langston,* 970 F.2d 692, 698 (10th Cir. 1992) (by remaining silent while the driver gave permission to search, passenger did not give the officer reason to believe he had any interest in the area searched).

Having reached this conclusion, we need not consider the other issues raised. Judgment **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge